639 So.2d 258 (1994)
James WRIGHT
v.
STATE of Louisiana d/b/a Medical Center of Louisiana at New Orleans, and Drs. Michael Dileo, Lachlan Noyes, Neil Ware, and Norman McSwain.
No. 93-CC-3095.
Supreme Court of Louisiana.
July 5, 1994.
Joseph Winard Thomas, New Orleans, for applicant.
Gregory Gilroy Gremillion, Wade Antoine Langlois, Windhorst, Gaudry, Ranson, Higgins & Gremillion, Harvey, for respondent.
MELVIN A. SHORTESS, Justice Pro Tem.[*]

Facts
James Wright (plaintiff) was employed as a security guard by the State of Louisiana d/b/a Medical Center of Louisiana at New Orleans (MCLNO). He developed a hernia *259 after restraining a patient and subsequently received $535.00 every two weeks in worker's compensation. He was treated at Touro Infirmary, but, for reasons which are not evident in the record, plaintiff's request to have surgery to repair the hernia at Touro was not approved by MCLNO. In pain, plaintiff allowed physicians at MCLNO to perform surgery to repair his hernia. After the operation, he could not walk and experienced continuous, debilitating pain. He sought treatment from Dr. Steven Jones who performed exploratory surgery at Methodist Hospital and removed a mesh material which had wrapped around his spermatic cord. Later, Dr. Jones performed a second surgical procedure and removed plaintiff's right testicle. Plaintiff alleges all of his problems subsequent to the hernia surgery at MCLNO resulted from the negligent performance of the original hernia repair and seeks to recover damages in tort for his personal injuries.

Procedural Background
After discovering the alleged negligence, plaintiff filed a medical malpractice claim against MCLNO and the physicians who performed the surgery.[1] MCLNO filed a motion for summary judgment alleging that since it was plaintiff's employer, his exclusive remedy was in worker's compensation.
The trial court denied the motion, finding the alleged malpractice was not governed by the Louisiana Worker's Compensation Law. The trial court reasoned that plaintiff's resulting injuries did not "arise out of a work-related accident and plaintiff was not an employee of MCLNO at the time the alleged malpractice occurred. Rather, the trial court found, "Mr. Wright was employed as a guard, not as a patient."
Defendant applied for supervisory writs from the Fourth Circuit Court of Appeal. A five-judge panel in a three-two decision reversed and granted summary judgment, ruling that this case was factually indistinguishable from Ducote v. Albert, 521 So.2d 399 (La.1988), which was legislatively overruled by La. Acts 1989, No. 454.[2]
We granted writs to decide the narrow issue of whether this medical malpractice claim against plaintiff's employer is barred by the Worker's Compensation Law, 632 So.2d 768. We find this case is factually distinguishable from Ducote, and plaintiff's tort claim is not prohibited by the Worker's Compensation Law.

Ducote
MCLNO contends this case is factually similar to Ducote, which effectively was overruled by the Louisiana Legislature.
In Ducote, this court allowed the plaintiff to bring a tort action against a company doctor despite the doctor's status as a co-employee of plaintiff. Ducote, a laborer, injured his hand while on the job. He was referred to a licensed physician employed by the company on a full-time basis to render medical services to plant employees at a medical facility located on the plant grounds. The doctor treated plaintiff for a sprain, which later was diagnosed as a much more significant injury and resulted in 35% loss of wrist function. The trial court granted summary judgment, finding the doctor and plaintiff were co-employees, and therefore plaintiff's exclusive remedy was in worker's compensation. We found plaintiff's claim was not barred and adopted the dual capacity doctrine, recognizing that a company doctor functions in two capacities simultaneously, co-employee and doctor, with each carrying a different set of legal obligations.
This case significantly differs from Ducote factually, which presented only the narrow issue of whether the Worker's Compensation Law provides a company doctor with immunity from civil liability for medical malpractice against a patient. 521 So.2d at 400. In Ducote, the doctor was a full-time employee of a chemical company. His sole job responsibility was to treat employees' work-related injuries.
This case, however, presents the question of whether a hospital and its doctors are *260 liable in tort for malpractice when the patient is an employee of the hospital but is not being treated pursuant to any requirement or benefit of employment.
The Ducote dual capacity doctrine was adopted in the context of a company doctor whose employment contract requires him or her to treat co-employees. In that situation, the doctor simultaneously acts in a dual capacityas a co-employee and as a doctor.
Here, MCLNO is a medical provider; the doctors have no obligation to only treat co-employees; co-employees have no obligation to be treated at MCLNO for work-related injuries; and plaintiff was on sick leave, was in an operating room, and was unconscious at the time of the alleged malpractice.

Dual Capacity and La. Acts 1989, No. 454
In Ducote, a company doctor was liable for breach of duty attendant to his role as a medical professional, regardless of co-employment status, under a dual capacity theory. 521 So.2d at 400. Under those circumstances, we found that allowing tort liability for a company doctor's medical malpractice was not adverse to the policy of the Worker's Compensation Law. The legislature apparently disagreed, and by La. Acts 1989, No. 454, the statute providing the employer with immunity was amended to include immunity under any "dual capacity theory or doctrine." Louisiana Revised Statute 23:1032 was amended to read:
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.

LSA-R.S. 23:1032(A)(1)(b) (Emphasis added.)
In a true dual capacity case, an employer or co-employee must wear two hats simultaneously, as is the case with a company doctor. At the time of the work-related injury, the company doctor has two relationships with the plaintiff: doctor and co-employee. Another example of dual capacity is when an employee is injured on the job using a product manufactured by his employer.[3] In such situations, an employer's second capacity is inextricably intertwined with his capacity as employer.
The dual capacity cases where tort liability was correctly prohibited involved employers who occupied dual roles with dual responsibilities toward the employee at the time of the work-related accident.[4]
In this case, the hernia repair, which is the subject of the tort claim, was not the work-related injury. It is a completely separate transaction. Plaintiff was a patient like any other MCLNO patient at the time of the alleged malpractice. MCLNO was providing medical treatment to him as it provided to its other patients. MCLNO was not acting in a dual capacity because it had no employer-related obligations toward the plaintiff/patient. It acted only as a medical provider.
The statutory abrogration of the dual capacity theory relieving the employer of tort liability in this case was misapplied. This court stated in Gauthier v. O'Brien, 618 So.2d 825, 827 (La.1993), that the philosophical basis for worker's compensation schemes is grounded in the need for employers to provide in advance by means of insurance for the human injury involved in production. This claim arises out of a transaction unrelated to production or employment.
We do not believe the legislature intended the exclusive remedy provision of the Worker's Compensation Law to relieve employers *261 from tort liability for negligence unrelated to the employment relationship. Exclusiveness "is part of the quid pro quo in which sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." Arthur Larson, 2A Worker's Compensation § 65.11, at 12-1, 12-12 (1993). There is no quid pro quo related to the employer-employee relationship in this situation.

Conclusion
Plaintiff's original work-related injury was a hernia. The treatment for that injury left plaintiff completely disabled, allegedly because of MCLNO's negligence. His subsequent treatment for the alleged malpractice left plaintiff without one of his testicles. He is no longer disabled, but he has suffered a permanent loss.
Accordingly, plaintiff does have an action in tort, and the court of appeal erred when it granted MCLNO's motion for summary judgment. The court of appeal's judgment reversing the trial court's denial of MCLNO's motion for summary judgment is reversed, the trial court's judgment is reinstated, and the case is remanded to the district court for further proceedings. Costs are taxed to MCLNO.
REVERSED AND REMANDED.
NOTES
[*] Judge Melvin A. Shortess, Court of Appeal, First Circuit, sitting in place of Justice James L. Dennis.

* Calogero, C.J., not on panel. Rule IV, Part 2, § 3.
[1] The claim was filed with the Division of Administration under LSA-R.S. 40:1299.39.1.
[2] One of the dissenting judges felt that since the injurious act did not occur in the course of employment as a guard and at a place contemplated by his employment, the dual capacity theory was not relevant.
[3] The converse is when the employee not on the job is injured by a tool manufactured at the plant where he works. He should have a tort remedy in such an event. Dual capacity does not apply.
[4] Roberts v. Orpheum Corp., 610 So.2d 1097 (La. App. 4th Cir.1992), writ denied, 616 So.2d 682 (La.1993); Legros v. Norcen Exploration, Inc., 583 So.2d 859 (La.App. 1st Cir.), writs denied, 588 So.2d 101, 109 (La.1991); Hebert v. Allied Signal, Inc., 577 So.2d 1117 (La.App. 1st Cir.), writ denied, 581 So.2d 683 (La.1991); Putzey's v. Schreiber, 576 So.2d 563 (La.App. 4th Cir.), writ denied, 578 So.2d 932 (La.1991); Reeder v. Laks Corporation, 555 So.2d 7 (La.App. 1st Cir.1989), writs denied, 559 So.2d 142 (La.1990); Nunez v. Canik, 551 So.2d 796 (La.App. 3d Cir.1989), writ denied, 556 So.2d 57 (La.1990); Deagracias v. Chandler, 551 So.2d 25 (La.App. 4th Cir.1989); McGuire v. Honeycutt, 387 So.2d 674 (La.App. 3d Cir.1980), writ denied, 397 So.2d 1364 (La.1981).