679 So.2d 943 (1996)
Oscar R. and Betty MOORE, Plaintiffs-Appellants,
v.
ST. FRANCIS CABRINI HOSPITAL,[1] Defendant-Appellee.
No. 96-188.
Court of Appeal of Louisiana, Third Circuit.
August 21, 1996.
Samuel Harold Craven, Alexandria, for Oscar R. & Betty Moore.
David Richard Sobel, Alexandria, for St. Francis Cabrini Hospital.
Before DOUCET, C.J. and YELVERTON and PETERS, JJ.
PETERS, Judge.
Oscar R. Moore and Betty Moore instituted proceedings against St. Frances Cabrini Hospital under the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41 et seq., to recover damages allegedly sustained as a result of a hepatitis B vaccination received by Ms. Moore at the hospital in August of 1992. The Moores now appeal the granting of a motion for summary judgment in favor of the hospital, wherein the trial court found that the exclusive remedy for Ms. Moore's injury was under the Louisiana Workers' Compensation Act, La.R.S. 23:1021 et seq.

DISCUSSION OF THE RECORD
Ms. Moore was employed as a unit secretary for St. Frances Cabrini Hospital (St. Frances Cabrini) in Rapides Parish, Louisiana. On August 12, 1992, Agnes Landry, a registered nurse at St. Frances Cabrini, administered a hepatitis B vaccine to Ms. Moore during Ms. Moore's work shift at the hospital. St. Frances Cabrini offered the vaccine to its employees free of charge pursuant *944 to Federal Occupational Safety and Health Administration (OSHA) Regulations.
Ms. Moore contends that she experienced severe pain when Ms. Landry began injecting the vaccine into her arm. The pain continued during the injection, and Ms. Moore continued to experience pain as well as swelling following the injection. According to Ms. Moore, she has been informed by several physicians that the injection was given too high and went into her tendons, causing tendinitis and bursitis.
The Moores instituted proceedings under the Louisiana Medical Malpractice Act against the hospital. St. Frances Cabrini then filed a motion for summary judgment in the trial court to obtain dismissal of the medical review panel proceedings. In its motion, the hospital alleged that Ms. Moore was an employee pursuant to the Louisiana Workers' Compensation Act, that she was injured by accident arising out of and during the course of her employment, and that her exclusive remedy was under the Louisiana Workers' Compensation Act. Subsequently, the Moores filed a motion for summary judgment in the trial court, asserting that Ms. Moore's injury did not arise out of and in the course and scope of her employment and that she was entitled to compensation under the provisions of the Louisiana Medical Malpractice Act. After a number of additional filings, the trial court was presented with the issues raised by the original motions for summary judgment. The trial court concluded that the Moores' exclusive remedy against St. Frances Cabrini was under the Louisiana Workers' Compensation Act. It is from this judgment that the Moores appeal. They assert that the trial court erred in granting St. Frances Cabrini's motion for summary judgment and in failing to grant their motion for summary judgment.

OPINION
The OSHA requirement under which St. Frances Cabrini offered the hepatitis B vaccine to its employees provides in part:
The employer shall make available the hepatitis B vaccine and vaccination series to all employees who have occupational exposure, and post-exposure evaluation and follow-up to all employees who have had an exposure incident.
29 C.F.R. § 1910.1030(f)(1)(i).[2]
OSHA also requires that the vaccine and vaccination series be made available at no cost to the employee and at a reasonable time and place. 29 C.F.R. § 1910.1030(f)(1)(ii)(A)-(B). Additionally, the employer is required to assure that an employee who declines to accept the vaccination offered by the employer signs a waiver. 29 C.F.R. § 1910.1030(f)(2)(iv).
Under the Louisiana Workers' Compensation Act, the rights and remedies granted to an employee on account of an injury are exclusive of all other rights and remedies against his employer. La.R.S. 23:1032(A)(1)(a). However, the Louisiana Supreme Court adopted the "dual capacity doctrine" in Ducote v. Albert, 521 So.2d 399 (La.1988). The dual capacity doctrine recognizes that a company doctor functions in two roles simultaneously: as a coemployee of the injured employee and as a medical doctor. Id. Under the dual capacity doctrine, the position of medical doctor carries with it obligations outside the scope of workers' compensation. Id.
In Ducote, the plaintiff injured his hand while on the job and was treated by the company doctor for the injury. The treating doctor was employed by the company on a full-time basis to render medical services to company employees at a medical facility located on the plant grounds. The plaintiff filed a medical malpractice action against the doctor and others in connection with the treatment he received from the doctor. At issue before the court was whether the Louisiana Workers' Compensation Law provided tort immunity to the company doctor. The supreme court held that under the circumstances of that case, the doctor was not a coemployee entitled to immunity from tort liability but that the relationship at the time of the alleged malpractice was one of doctor-patient. In other words, the doctor functioned in a dual capacity. Thus, the court *945 held that the doctor's liability to the plaintiff was governed by general tort law and the special rules for medical malpractice.
Apparently, in response to the Ducote decision, the legislature amended La.R.S. 23:1032 to provide that the workers' compensation exclusive remedy is exclusive of all claims that might arise against the employer or any employee of such employer under any dual capacity theory or doctrine. The dual capacity language was added by Acts 1989, No. 454, § 2, effective January 1, 1990, and effectively overruled Ducote, 521 So.2d 399. Wright v. State, 93-3095 (La. 7/5/94); 639 So.2d 258.
In Wright, the supreme court recognized that Ducote had been legislatively overruled but found that the injured employee in the case before it was still not prohibited from bringing a tort claim against the employer-hospital for injuries sustained as a result of the negligent performance of a hernia repair. Wright developed a hernia after restraining a patient at the hospital and began receiving workers' compensation benefits. After the hospital failed to approve his request to have the hernia repaired at another facility, Wright allowed physicians at the employer-hospital to repair the hernia. Wright was dissatisfied with the results of the operation and sought to recover damages in tort for the negligent performance of the hernia repair.
The supreme court distinguished Ducote, stating that the issue in Wright was "whether a hospital and its doctors [were] liable in tort for malpractice when the patient [was] an employee of the hospital but [was] not being treated pursuant to any requirement or benefit of employment." Id. at 259-60. The court found that Wright's employer was also a medical provider; that the doctors had no obligation to treat only coemployees; that the coemployees had no obligation to be treated at the hospital for work-related injuries; and that the plaintiff was on sick leave, was in an operating room, and was unconscious at the time of the alleged malpractice. The court further found that the plaintiff was a patient like any other patient of the hospital at the time of the alleged malpractice and was afforded the same medical treatment as any other patient. In other words, the hospital was not acting in a dual capacity because it had no employer-related obligations to Wright and it acted only as a medical provider.
Thus, "[i]n a true dual capacity case, an employer or co-employee must wear two hats simultaneously...." Wright, 639 So.2d at 260. The supreme court has concluded that the legislature did not intend for the exclusive remedy provision of the Workers' Compensation Law to relieve employers from tort liability for negligence that is not related to the employment relationship. See id.
In this case, OSHA requires St. Frances Cabrini to make available the hepatitis B vaccine free of charge to its employees who have occupational exposure. Ms. Moore's job duties included those which potentially exposed her to hepatitis B. OSHA also requires St. Frances Cabrini to obtain a waiver if an employee chooses not to receive the vaccine. According to the affidavit of Kathy Ellzey, St. Frances Cabrini's employee health nurse, any St. Frances Cabrini employee required to be offered a free hepatitis B vaccine would be reprimanded if the employee refused to receive the vaccine or refused to sign the waiver. Additionally, St. Frances Cabrini did not provide hepatitis B vaccines to the general public, either for a charge or for free.
At the time of the injury, St. Frances Cabrini was providing a preventative service to its employee, Ms. Moore. Since the treatment was a benefit offered by St. Frances Cabrini to prevent an employee from contracting hepatitis B and was only made available to St. Frances Cabrini employees, St. Frances Cabrini was functioning not only as a health care provider but also as an employer taking care of its employee and complying with federal labor requirements. Therefore, we hold as a matter of law that since St. Frances Cabrini was functioning in a dual capacity and the dual capacity doctrine has been legislatively abrogated, the Moores' exclusive remedy against St. Frances Cabrini is under the Workers' Compensation Law. Thus, we find no error in the trial court's granting of St. Frances Cabrini's motion for summary judgment.

*946 DISPOSITION
For the foregoing reasons, we affirm the judgment of the trial court and assess costs of this appeal to Oscar R. and Betty Moore.
AFFIRMED.
NOTES
[1] We note that the caption reflects the spelling of the defendant's name as found in the motion and order for appeal. However, in pleadings, the defendant is referred to as St. Frances Cabrini Hospital. We will refer to the defendant as St. Frances Cabrini Hospital in the body of this opinion.
[2] OSHA regulations are set forth in this opinion as per trial exhibit.