707 So.2d 1295 (1998)
Carl Harris HESSE, et ux., Plaintiffs-Appellants,
v.
CHAMP SERVICE LINE, A DIVISION OF STANDARD MOTOR PRODUCTS, INC., et al., Defendants-Appellees.
No. 97-1090.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
Rehearing Denied April 3, 1998.
*1296 Robert C. McCall, Erin M. Alley, Lake Charles, for Carl Harris Hesse & Gwendolyn Neely Hesse.
L. Paul Foreman, Lake Charles, for Investors-Ryan.
Joe A. Brame, for The Goodyear Tire & Rubber Company.
James R. Nieset, Lake Charles, for Snap-On Tools Corporation, et al.
John R. Walker, for G.K.N Parts Industries Corp.
Grayson H. Brown, New Orleans, for The Travelers Insurance Co.
Before COOKS, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
Plaintiffs, Carl and Gwendolyn Hesse, appeal a grant of summary judgment in favor of defendant, Goodyear Tire & Rubber Company, based on employer immunity provided by La.R.S. 23:1032. We affirm.

FACTS
Carl Hesse was employed as a mechanic for Goodyear on August 18, 1990. While inspecting the underside of a vehicle prior to changing the water pump, Carl hung a portable work light on the fuel pump to illuminate the area. When Carl reached for the water pump, he received an electrical shock which rendered him unconscious and caused severe and permanent disabling injuries.
The Hesses allege that at the time of Carl's injury, local codes required the installation of Ground Fault Circuit Interrupters to protect workers from this type of injury. Neither the building owner/lessor, Investors-Ryan, nor the lessee, Goodyear, installed these devices. The Hesses further allege liability on the part of Investors-Ryan based on La.Civ.Code arts. 2317 and 2322 for the failure to install the device. However, the Hesses contend that Goodyear assumed this liability by virtue of an indemnity clause in the lease contract as authorized by La.R.S. 9:3221.
Goodyear denies that it assumed liability under the lease agreement and contends that as Carl's employer, it is immune from suit by virtue of La.R.S. 23:1032. Accordingly, Goodyear filed a motion for summary judgment which was granted by the trial court.
The Hesses lodged this appeal contending the trial court erred in granting the summary judgment.

SUMMARY JUDGMENT
A motion for summary judgment shall be granted when the mover establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. La.C.C.P. art. 966. Summary judgment is now favored, however, the mover still bears the burden of establishing that no material issue of fact exists. Stephenson v. Van Vleit, 96-1407 (La.App. 3 Cir. 4/30/97), 693 So.2d 858. An appellate court reviews a summary judgment de novo, using the same criteria as the district court which determined that summary judgment was appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180.

LA.R.S. 23:1032 IMMUNITY
As noted previously, the Hesses contend that the trial court erred in granting summary judgment based on Goodyear's claim of immunity under La.R.S. 23:1032. Goodyear argues strenuously that the trial court was correct in finding it is entitled to immunity under La.R.S. 23:1032 by virtue of its status as Carl's employer. The Hesses argue that Goodyear's liability arises from the contract rather than the employment relationship and, therefore, Goodyear is not entitled to immunity.
Since at least 1918, Louisiana law has provided that workers' compensation is the exclusive remedy against an employer for an employee injured on the job. Acts 1918, No. 38 § 1. Subsequent amendments to the statute have had no impact on the general exclusivity provision. However, the Louisiana Supreme Court in Ducote v. Albert, 521 So.2d 399 (La.1988), adopted the "dual capacity doctrine." The dual capacity doctrine recognizes that in some instances an employer or co-employee may function in two roles simultaneously. Id. Under the dual capacity doctrine *1297 one of those roles could involve obligations that are outside the scope of workers' compensation and, thereby, expose the employer or co-employee to tort liability. Id.
As we noted in Moore v. St. Francis Cabrini Hospital, 96-188 (La.App. 3 Cir. 8/21/96), 679 So.2d 943:
Apparently, in response to the Ducote decision, the legislature amended La.R.S. 23:1032 to provide that the workers' compensation exclusive remedy is exclusive of all claims that might arise against the employer or any employee of such employer under any dual capacity theory or doctrine. The dual capacity language was added by Acts 1989, No. 454, § 2, effective January 1, 1990, and effectively overruled Ducote, 521 So.2d 399. Wright v. State, 93-3095 (La.7/5/94); 639 So.2d 258.
Moore, 679 So.2d 943, 945.
In Wright the supreme court explained the dual capacity doctrine as follows:
In a true dual capacity case, an employer or co-employee must wear two hats simultaneously, as is the case with a company doctor. At the time of the work-related injury, the company doctor has two relationships with the plaintiff: doctor and co-employee. Another example of dual capacity is when an employee is injured on the job using a product manufactured by his employer. In such situations, an employer's second capacity is inextricably intertwined with his capacity as employer.
The dual capacity cases where tort liability was correctly prohibited involved employers who occupied dual roles with dual responsibilities toward the employee at the time of the work-related accident.
Wright, 639 So.2d 258, 260.
Thus, "[t]he supreme court has concluded that the legislature did not intend for the exclusive remedy provision of the Workers' Compensation Law to relieve employers from tort liability for negligence that is not related to the employment relationship." Moore, 679 So.2d 943, 945.
The Wright court referenced Roberts v. Orpheum Corp., 610 So.2d 1097 (La.App. 4 Cir.1992), writ denied, 616 So.2d 682 (La. 1993), as a case where tort liability was correctly prohibited. In Roberts, the fourth circuit affirmed a grant of summary judgment where a member of the stage crew for the New Orleans Symphony sued his employer in tort alleging that his claim was not based upon the employer's direct commission of a tort, but rather its contractual assumption under the lease for the condition of the premises.
The Hesses argue that neither Wright nor Roberts control in this situation. They rely instead on Stelly v. Overhead Door Co. of B.R., 94-0569 (La.12/8/94), 646 So.2d 905. Stelly is a case that arose prior to the amendment, though the supreme court opinion was not issued until after the Wright decision on a post amendment injury. We have reviewed Stelly closely and find that its application is limited to those cases where the injury in question arose prior to the amendment of La.R.S. 23:1032. Accordingly, Stelly is not controlling in this case.
Therefore, reviewing this case in light of Wright we must determine whether the alleged negligence in this case arises out of the employment relationship. The evidence is clear that at the time of the accident, Carl was engaged in his regular job. The Hesses contend Goodyear was functioning not only as an employer but also as a lessee responsible for maintaining the building, and the dual capacity doctrine should apply. However, the dual capacity doctrine has been legislatively abrogated. The Hesses' exclusive remedy is under the Workers' Compensation Law.
We are mindful that some might argue that this unfairly deprives the Hesses of their cause of action against the owner of the building. Justice Calogero addressed this issue most eloquently in his dissent in Stelly. He said:
I believe that a fair reading of the immunity accorded employers by LSA-R.S. 23:1032 leads to the conclusion that it bars any claim for compensatory damages under LSA-C.C. Articles 660, 2317, and 2322 brought by an employee against an employer. See Billiot v. B.P. Oil, 645 So.2d 604 (La.1994). The fact that the Legislature has removed from the plaintiff his strict liability claim against the landlord, Ortego, should not operate to deprive UPS of its statutory immunity. LSA-R.S. *1298 9:3221, the statute allowing contractual indemnification by a lessee of his lessor's strict liability for defects of the leased premises, is a substantive provision of the law which has been triggered by the underlying contractual relationship between the lessor, Ortego, and the lessee, UPS. That this statute fortuitously (for the defendants) removes Ortego from the list of third party defendants available to the plaintiff does not lead to the conclusion that UPS, as indemnitor, is now deprived of the protections of Louisiana's worker's compensation scheme. The majority's equation, i.e. immunity plus indemnity equals liability, simply does not add up. Stelly, 646 So.2d 905, 914 (Dissenting opinion).
Furthermore, we note that had Goodyear owned the building, there would have been no question that the statutory immunity applied. We see no reason that a lessee who has assumed liability should be deprived of that immunity simply because it did not choose to buy the building.

TRANSFER OF LIABILITY
In any event, Goodyear argues persuasively that it did not assume liability under the lease. We agree.
La.R.S. 9:3221 authorizes Investors-Ryan to transfer liability for the condition of the premises. Gilliam v. Lumbermens Mutual Casualty Company, 240 La. 697, 124 So.2d 913 (La.1960). The question Goodyear raises is whether its lease contains such a transfer of liability. Goodyear's lease in paragraph 11 provides that:
11. Lessee agrees to indemnify and hold harmless from any loss, damage, or injury to persons or property resulting from Lessee's use and occupancy of the demised premises except to the extent that such losses, damages or injuries are covered by insurance covered by the Lessor.
Neither this provision nor any other provision of the lease provides that Goodyear assumes responsibility for the condition of the leased premises. As such, the language of the lease is too loose to meet the requirements of La.R.S. 9:3221. Moreover, indemnity contracts, whereby a party is indemnified against the consequence of his own negligence, are strictly construed. Perkins v. Rubicon, Inc., 563 So.2d 258 (La.1990). Accordingly, we find that the lease provision in this case was not sufficient to transfer liability to Goodyear.

CONCLUSION
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellants, Carl and Gwendolyn Hesse.
AFFIRMED.
COOKS, J., concurs.