|2FOGG, Judge.
This appeal arises from an action for personal injury brought by Yvonne L. Short against her employers, the law firm of Lane, Fertitta, Lane & Tullos (hereinafter “Lane/Fertitta”) and Horace Lane. The salient issue raised on appeal is whether Horace Lane is immune from tort liability pursuant to LSA-R.S. 23:1032.
Yvonne Short was employed by Lane/Fer-titta as a legal secretary for one of its partners, Horace Lane. She also performed bookkeeping services for the law firm for which she was paid separately. Additionally, she performed bookkeeping services for Horace Lane with respect to various pieces of real estate that he owned and/or leased. For these services, Mr. Lane paid her separately. Therefore, Ms. Short performed in three distinct capacities.
Lane/Fertita located its offices in two adjacent buildings that were connected by a walkway. One building was located at 435 Louisiana Avenue and was owned by Horace Lane. The other building, located at 445 Louisiana Avenue, was owned by a partnership of which Horace Lane was a member. Mr. Lane leased both buildings to the law firm. Additionally, Mr. Lane owned a parking lot that was located behind the buildings that he leased it to the law firm. He also leased from the Employees’ Retirement System for the City of Baton Rouge another parking lot (hereinafter the “ERS/BR parking lot”) to the west of 435 Louisiana Avenue. Horace Lane subleased the ERS/BR parking lot to Lane/Fertitta.
On February 11, 1987, Ms. Short stepped on a roofing nail in the ERS/BR parking lot *521 after parking in her assigned parking space. The adjoining building, located at 445 Louisiana Avenue, was re-roofed approximately two and one-half months before Ms. | ¡-¡Short’s injury. Approximately two and one-half years earlier, the roof of the building at 435 Louisiana Avenue had been repaired. Because of complications with her injury, Ms. Short underwent three surgeries and allegedly remains in constant pain.
Ms. Short claimed and received workers’ compensation benefits for approximately two and one-half years following her injury. One year after the injury, she filed this suit against, among others, Lane/Fertitta, Horace Lane in his capacity as lessor of the EBR parking lot, and State Farm Fire and Casualty Company (hereinafter “State Farm”). State Farm was the workers’ compensation insurer for the law firm and its partners, and the liability insurer for Horace Lane, individually, with regard to the ERS/BR parking lot.
The trial court initially rendered judgment that plaintiffs exclusive remedy against both the law firm and Horace Lane, individually, was in workers’ compensation. However, upon plaintiffs motion for a new trial, the trial court found that workers’ compensation was the plaintiffs exclusive remedy with regard to the law firm but not with regard to Horace Lane in his capacity as lessor of the EBR parking lot. Ms. Short was awarded $258,685.28 in damages against State Farm; State Farm was awarded $71,618.28 against Ms. Short for reimbursement of workers’ compensation payments previously paid.
Ms. Short appealed that judgment and State Farm answered the appeal. On appeal, State Farm urges solely that the trial court erred in faffing to find that Ms. Short’s sole remedy against Horace Lane was workers’ compensation benefits pursuant to LSA-R.S. 23:1032, the exclusive remedy provision of the Workers’ Compensation Law.
Herein, the trial court determined as a matter of fact that Ms. Short was in “the course and scope of her employment with the law firm, not with Horace Lane” at the time of the accident. The |4facts of this case clearly show that these conclusions were reasonable based upon the evidence. An appellate court may not set aside a trial court’s findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). That Ms. Short was not in the course and scope of her employment with Horace Lane at the time the accident occurred is not manifestly erroneous. Therefore, we must decide whether Mr. Lane, in his capacity as lessor of the ERS/BR parking lot, is immune from tort liability pursuant to LSA-R.S. 23:1032.
At the time of the accident, LSA-R.S. 23:1032, the exclusive remedy provision of the Workers’ Compensation Law, provided, in pertinent part, as follows:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease.
The Louisiana Supreme Court reviewed this version of LSA-R.S. 23:1032 in the case of Ducote v. Albert, 521 So.2d 399 (La.1988). Therein, the supreme court held that, in a medical malpractice action, a company doctor is not immune from tort liability under the workers’ compensation statute as the doctor has characteristics of both an employee and of an independent contractor. The court held the doctor may be sued in tort in his “dual capacity” as an independent contractor. Ducote v. Albert, 521 So.2d at 400.
The dual capacity doctrine recognizes that in some instances an employer or eo-employ-ee may function in two roles simultaneously. Under the dual capacity doctrine, - one of those roles could involve obligations that are outside the scope of 1.^workers’ compensation and, thereby, expose the employer or co-employee to tort liability. Ducote v. Albert, *522 521 So.2d at 400.[1]
Then, in 1994, the supreme court further explained the dual capacity doctrine as follows:
In a true dual capacity case, an employer or co-employee must wear two hats simultaneously, as is the case with a company doctor. At the time of the work-related injury, the company doctor has two relationships with the plaintiff: doctor and co-employee. Another example of dual capacity is when an employee is injured on the job using a product manufactured by his employer. In such situations, an employer’s second capacity is inextricably intertwined with his capacity as employer.
Wright v. State, 93-3095 (La.7/5/94), 639 So.2d 258, 260. (footnote omitted) (emphasis added).
Subsequently, the supreme court further interpreted the pre-1990 legislation in the case of Stelly v. Overhead Door Company of Baton Rouge, 646 So.2d 905 (La.1994). Although this case was handed down after the Wright decision, it dealt with an injury that occurred in 1987. Therein, the court held that under the pre-1990 law an employer who contractually assumed the liability of its lessor was not shielded from tort liability by LSA-R.S. 23:1032. In reaching this conclusion, the court employed the following analysis:
Louisiana’s dual capacity theory or doctrine pertains to employers with multiple relationships, connections or involvement to the employee’s injury and/or the cause of the injury, which ordinarily would result in liability being imposed upon the employer by operation of law in addition to the provisions of the Worker’s Compensation Act. The dual capacity doctrine limits the injured employee’s recovery to worker’s compensation benefits, precluding the pursuit of their tort claims against their employer. For example, Deagracias v. Chandler, 551 So.2d 25 (La.App. 4th Cir.1989) [the employee attempted to sue his employer in products liability, when he was injured in the course hand scope of his employment while using a baekhoe bucket manufactured by the employer; the tort suit was rejected based upon the employment status of the claimant]; White v. Naquin, 500 So.2d 436 (La.App. 1st Cir.1986) [the tort suit of a school board employee, injured during the course and scope of employment, against the school board as custodian of the minor student who caused the injury, was rejected based upon the employment status of the claimant]; Wright v. Moore, 380 So.2d 172 (La. App. 1st Cir.1979), writ, den., 382 So.2d 164 (1980) [the employee of the state, injured during the course and scope of employment in a state owned automobile, driven by a state employee on a state roadway, was prohibited from maintaining a tort suit against the state for it being the custodian of the state’s roads and highways] .... But see Ducote v. Albert, 521 So.2d 399 (La.1988) [this court employed a common law, hybrid form of the dual capacity doctrine to hold a company physician liable for breach of the duty he owed his patient as a medical professional],
Stelly, 646 So.2d at 910-911.
In the instant case, Mr. Lane’s status as partner of the law firm contemplates the normal course and scope of the partner’s duties with the partnership. Mr. Lane practiced law and functioned as a managing partner of the firm. However, he also functioned separately as a landowner and lessor. In furtherance of these business interests, he leased the ERS/BR lot and then subleased it to the law firm. Such activities were in his own interests, not those of the firm. Therefore, in leasing the EBR lot to the law firm he was not acting in the course and scope of his status as partner with the firm. There is no reason to interpret statutory immunity as protecting the employer when that employer is functioning as a totally separate business *523 capacity. Therefore, Mr. Lane was not shielded from liability under LSA-R.S. 23:1032.
This conclusion is consistent with the supreme court’s conclusion that the legislature did not intend for “the exclusive remedy provision of the Workers’ Compensation Law to relieve employers from tort liability for negligence unrelated to the employment relationship.” Wright, 639 So.2d at 260-261. See also Moore v. St. Francis Cabrini Hosp., 96-188 (La.App. 3 Cir. L8/21/96), 679 So.2d 943. The purpose of LSA-R.S. 23:1032 is to protect employers from being personally liable for tort damages when one of their employees is injured through the negligence of a co-employee, who is doing something related to his job. Justice v. Sylvester, 499 So.2d 690 (La.App. 5 Cir.1986), writ denied, 503 So.2d 491 (La.1987). Herein, Mr. Lane’s capacity as lessor is not “inextricably intertwined with his capacity as employer” as required by the Wright court. Wright, 639 So.2d at 260.
Plaintiff urges on appeal that the trial court erred in failing to award damages for loss of future earning capacity from July 10, 1989 until the end of her work life expectancy. She claims that as a result of the injury and her constant pain, she is unable to work as a legal secretary. She now holds a part-time teaching position. Prior to the accident, Ms. Short’s annual income as a legal secretary was $24,637.50, and she received $8,412.64 yearly, performing additional accounting services for the law firm and Horace Lane, individually.
The trial court awarded plaintiff $83,-475.00, representing her loss of earning capacity from March 29, 1987 to July 10, 1989, the period during which she received workers’ compensation benefits. She was released to return to work by her physician on July 10, 1989. Although the evidence conflicted, the trial court found that “[tjhere is no medical reason she could not have returned to the work force in 1989.” Further, the trial court determined that Ms. Short’s motivation in choosing a teaching profession rather than a higher paying position as a legal secretary was to have time to spend with her young child, not to accommodate a medical need.
A reviewing court must do more than simply review the record for evidence which supports or controverts the trial court’s findings. It must review the record in its entirety to determine whether the trial court’s findings were clearly wrong or |8manifestly erroneous. Stobart, 617 So.2d at 882. Also, the reviewing court must ascertain whether the factfinder’s conclusions were reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where there are two permissive views of evidence, the factfin-der’s choice between them cannot be manifestly erroneous or clearly wrong. Lewis v. State Through Dept. of Transp. and Development, 654 So.2d 311 (La.1995).
Applying these principles to the instant case, we find no manifest error in the trial court’s determination that Ms. Short could have returned to her prior employment on July 10, 1989 had she so chosen. Therefore, the trial court correctly denied her recovery of damages for loss of future earning capacity after July 10, 1989.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are'to be shared equally between State Farm Fire and Casualty Company and Yvonne Short.
AFFIRMED.
SHORTESS, J., concurs with a statement.

. In response to the Ducote decision, the legislature amended LSA-R.S. 23:1032 by Acts 1989, No. 454, § 2, effective January 1, 1990, to provide that the workers’ compensation exclusive remedy is exclusive of all claims that might arise against the employer or any employee of such employer under any dual capacity theory or doctrine, effectively overruling Ducote. Wright v. State, 93-3095 (La.7/5/94), 639 So.2d 258. However, it is the law as it existed prior to 1990 that applies to the instant case.