STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

DIANNE BATES

VERSUS

ROBERT C. KING, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 214,433
HONORABLE WILLIAM ROSS FOOTE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Daniel Elmo Broussard Jr.
Broussard, Bolton, Halcomb, & Vizzier
P. O. Box 1311
Alexandria, LA 71309
(318) 487-4589
Counsel for Plaintiff-Appellant:
 Dianne Bates

Mary McCrory Hamilton
Voorhies & Labbe
P. O. Box 3527
Lafayette, LA 70502
(337) 232-9700
Counsel for Defendant-Appellee:
 Robert C. King
 Jana Cole King
 Pitt Grill, Inc.

**PICKETT, Judge.**

The appellant, Dianne Bates, appeals a judgment of the trial court sustaining the Exception of No Cause of Action filed by her employer, Pitt Grill, Inc., and dismissing her claims against Pitt Grill pursuant to La.R.S. 23:1032. For the following reasons, we affirm.

### STATEMENT OF THE CASE

On September 10, 2002, Dianne Bates, while in the course and scope of her employment as a waitress for Pitt Grill, slipped and fell. She broke her right leg and injured her back in the fall. She filed suit against the owners of the building, Robert C. King and Jana Cole King, alleging that she slipped and fell in a pool of water caused by a leaking roof. In the alternative, Bates filed suit against Pitt Grill, Inc., as lessee of the building, arguing that they assumed responsibility for defects in the building as lessee pursuant to La.R.S. 9:3221.

Pitt Grill filed an Exception of No Cause of Action, alleging that as Bates' employer, her exclusive remedy against it is in workers' compensation pursuant to La.R.S. 23:1032. The trial court held a hearing on the exception on March 19, 2004. After taking the matter under advisement, the trial court issued amended reasons for judgment on June 1, 2004, finding in favor of Pitt Grill, and signed a judgment on June 25, 2004, dismissing Bates' claims against Pitt Grill. Bates now appeals.

### ASSIGNMENT OF ERROR

The appellant, Dianne Bates, asserts one assignment of error:

1. The trial court erred in sustaining the Peremptory Exception of No Cause of Action of defendant, Pitt Grill, Inc.

# DISCUSSION

The supreme court explained the function of a peremptory exception of no cause of action in *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
>
> . . . .
>
> The burden of demonstrating that the petition states no cause of action is upon the mover. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. *Fink v. Bryant*, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; *City of New Orleans* at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *City of New Orleans* at p. 29, 640 So.2d at 253.

The inquiry here must begin with the statute which affords employers immunity from civil suits brought by their employees. Louisiana Revised Statutes 23:1032(A) states:

> (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on

2

account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.

(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

There is no claim that Pitt Grill committed any intentional act which caused Bates' injuries. Instead, Bates alleges that Pitt Grill executed a lease agreement wherein it assumed responsibility for damages arising from defects in the premises as contemplated by La.R.S. 9:3221. The supreme court in *Stelly v. Overhead Door Co. of Baton Rouge*, 94-569 (La. 12/8/94), 646 So.2d 905, found that the language in La.R.S. 23:1032 did not shield the employer from liability in a similar case. However, the court in *Stelly* was interpreting the pre-1990 version of the statute. The legislature amended Section 1032 by 1989 La.Acts No. 454, §2, effective January 1, 1990, which added subsection A(1)(b). This amendment excluded all claims by an employee brought against an employer under any theory of dual capacity. In footnote nine of the opinion in *Stelly*, the supreme court stated that they would not address the impact of the amendment in that case.

3

This court has addressed this issue in a case in which the 1990 amendment applied. In *Hesse v. Champ Service Line*, 97-1090 (La.App. 3 Cir. 2/4/98), 707 So.2d 1295, an employee sued his employer after he was electrocuted at work. He claimed the injury occurred as a result of the failure to install equipment to prevent such injuries. He sued his employer, claiming the employer had assumed liability from the owner/lessor of the building pursuant to La.R.S. 9:3221. This court held that *Stelly* was not controlling and that "[t]he dual capacity doctrine has been legislatively abrogated." *Hesse* at 1297. We found that the employee's exclusive remedy was in workers' compensation. This case squarely falls within the decision of this court in *Hesse*, and the appellant's argument lacks merit.

The appellant further argues that the provisions of La.R.S. 23:1032 as amended "do not abrogate dual capacity liability if that status is based on the employer's contractual assumption of an owner-lessor's liability." The *Hesse* decision discussed the issue of dual capacity at length:

> As we noted in *Moore v. St. Francis Cabrini Hospital*, 96-188 (La.App. 3 Cir. 8/21/96), 679 So.2d 943:
>
>> Apparently, in response to the *Ducote* [*v. Albert*, 521 So.2d 399 (La.1988)] decision, the legislature amended La.R.S. 23:1032 to provide that the workers' compensation exclusive remedy is exclusive of all claims that might arise against the employer or any employee of such employer under any dual capacity theory or doctrine. The dual capacity language was added by Acts 1989, No. 454, § 2, effective January 1, 1990, and effectively overruled *Ducote*, 521 So.2d 399. *Wright v. State*, 93-3095 (La.7/5/94); 639 So.2d 258.
>
> *Moore*, 679 So.2d 943, 945.
>
> In *Wright* the supreme court explained the dual capacity doctrine as follows:

4

> In a true dual capacity case, an employer or co-employee must wear two hats simultaneously, as is the case with a company doctor. At the time of the work-related injury, the company doctor has two relationships with the plaintiff: doctor and co-employee. Another example of dual capacity is when an employee is injured on the job using a product manufactured by his employer. In such situations, an employer's second capacity is inextricably intertwined with his capacity as employer.
>
> The dual capacity cases where tort liability was correctly prohibited involved employers who occupied dual roles with dual responsibilities toward the employee at the time of the work-related accident.

*Wright*, 639 So.2d 258, 260.

> Thus, "[t]he supreme court has concluded that the legislature did not intend for the exclusive remedy provision of the Workers' Compensation Law to relieve employers from tort liability for negligence that is not related to the employment relationship." *Moore*, 679 So.2d 943, 945.
>
> The *Wright* court referenced *Roberts v. Orpheum Corp.*, 610 So.2d 1097 (La.App. 4 Cir.1992), *writ denied*, 616 So.2d 682 (La.1993), as a case where tort liability was correctly prohibited. In *Roberts*, the fourth circuit affirmed a grant of summary judgment where a member of the stage crew for the New Orleans Symphony sued his employer in tort alleging that his claim was not based upon the employer's direct commission of a tort, but rather its contractual assumption under the lease for the condition of the premises.

*Hesse*, 707 So.2d at 1297.

The appellant also cites cases in which this court has held that an owner of a building cannot shift the liability under La.R.S. 9:3221 if the injured party is an employee of the employer-lessee. *Wallace v. Helmer Directional Drilling, Inc.*, 93-901 (La.App. 3 Cir. 7/13/94), 641 So.2d 624; *Haley v. Calcasieu Parish Sch. Bd.*, 99-883 (La.App. 3 Cir. 12/8/99), 753 So.2d 882, *writ denied*, 00-54 (La. 2/24/00), 755 So.2d 242. These cases address the relationship between the employee and the owner of a building and hold that because of the immunity granted by La.R.S.

5

23:1032, the owner-lessor of a building cannot transfer liability to the employer-lessee. These cases refute rather than support the appellant's argument.

We find the appellant's exclusive remedy against Pitt Grill to be in workers' compensation. We find no error in the trial court's ruling. The judgment is, therefore, affirmed at Dianne Bates' cost.

**AFFIRMED.**