PETTIGREW, J.
pin this case, plaintiff challenges the trial court’s judgment granting summary judgment in favor of defendants and dismissing his claim for damages. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On May 26, 1998, plaintiff, David M. Gaspard (“Mr.Gaspard”), filed suit against defendants, Cecil M. Graves, Jr. and Debbie H. Graves, seeking damages for injuries he sustained on premises owned by defendants when he allegedly fell down a flight of stairs due to a defectively attached handrail. At the time of Mr. Gas-pard’s accident, defendants had leased the building in question to Cecil Graves Chevrolet, Inc. (“Graves Chevrolet”), Mr. Gas-pard’s employer. Mr. Gaspard asserted defendants were negligent under La. Civ. Code art. 2317.1 as the owners of a defec-five thing. In the alternative, he alleged defendants were guilty of negligence or fault pursuant to La. Civ.Code art. 2315. Louisiana Automobile Dealers Association, S.I.F. intervened, seeking reimbursement for workers’ compensation benefits paid to Mr. Gaspard as a result of this accident.
In response to Mr. Gaspard’s petition for damages, defendants filed an answer generally denying the allegations contained therein. Thereafter, defendants filed a motion for summary judgment seeking dismissal from the lawsuit as to claims filed by Mr. Gaspard. Defendants argued that they were entitled to protection from tort liability pursuant to La. R.S. 23:1032.[1] Following a hearing on said motion, the trial court signed |sa judgment on February 26, 2003, granting defendants’ motion and dismissing Mr. Gaspard’s suit. Mr. Gaspard appealed.
Finding that defendants failed in their burden on the motion for summary judgment by not introducing any evidence in support thereof, this court reversed the trial court’s judgment and remanded the matter for further proceedings. Gaspard v. Graves, 2003-0844, p. 4 (La.App. 1 Cir. 2/23/04), 874 So.2d 181, 183. Defendants then filed a second motion for summary judgment, raising the same argument regarding tort immunity proscribed by La. R.S. 23:1032. In support of their motion, *160 defendants submitted a copy of Mr. Gas-pard’s petition for damages, the affidavits of Mr. and Mrs. Graves, and a copy of the commercial lease between defendants and Graves Chevrolet. Mr. Gaspard opposed defendants’ motion, offering the deposition of Mr. Graves as support for his position.
On August 25, 2004, the trial court heard arguments on the motion for summary judgment. After considering the applicable law and evidence in the record, the trial court granted summary judgment in favor of defendants, dismissing, with prejudice, Mr. Gaspard’s claim for damages. The trial court signed a judgment in accordance with these findings on March 29, 2005, designating said judgment as a final judgment pursuant to La.Code Civ. P. art. 1915. It is from this judgment that Mr. Gaspard filed the instant appeal, arguing the trial court erred in granting summary judgment in favor of defendants. The narrow issue presented for our review is whether the exclusivity or immunity provision of La. R.S. 23:1032 bars Mr. Gaspard from suing defendants as stockholders, directors, and employees of Graves Chevrolet.
In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Henderson v. Kingpin Development Co., 2001-2115, p. 4 (La.App. 1 Cir. 8/6/03), 859 So.2d 122, 126. Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in the light of the substantive law applicable to the case. Davis v. Specialty Diving, Inc., 98-0458, 98-0459, p. 5 (La.App. 1 Cir. 4/1/99), 740 So.2d 666, 669, writ denied, 99-1852 (La.10/8/99), 750 So.2d 972.
On a motion for summary judgment, the initial burden of proof remains with the mover. If, however, the moving party will not bear the burden of proof at trial on the matter before the court on the motion, the moving party must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment must be granted. La.Code Civ. P. art. 966(C)(2); Boland v. West Feliciana Parish Police Jury, 2003-1297, p. 4 (La.App. 1 Cir. 6/25/04), 878 So.2d 808, 813.
The dual capacity theory or doctrine cited in La. R.S. 23:1032 was discussed by the Louisiana Supreme Court in Stelly v. Overhead Door Co. of Baton Rouge, 94-0569, p. 5 (La.12/8/94), 646 So.2d 905, 910, as follows:
Louisiana’s dual capacity theory or doctrine pertains to employers with multiple relationships, connections or involvement to the employee’s injury and/or the cause of the injury, which ordinarily would result in liability being imposed upon the employer by operation of law in addition to the provisions of the Worker’s Compensation Act. The dual capacity doctrine limits the injured employee’s recovery to worker’s compensation benefits, precluding the pursuit of their tort claims against their employer.
*161 Thus, La. R.S. 23:1032 bars suits by employees against their employers, and those others grouped with employers, such as officers and stockholders, under a dual capacity theory. In such a case, “an employer’s second capacity is inextricably intertwined with his capacity as employer.” Wright v. State, 93-3095, p. 4 (La.7/5/94), 639 So.2d 258, 260. The employer “occu-pie[s] dual roles with dual responsibilities toward the employee at the time of the work-related accident.” Wright, 93-3095 at 5, 639 So.2d at 260.
15We have thoroughly reviewed the instant record and agree with the trial court’s conclusion that summary judgment was appropriate in this case. Although Mr. Gaspard argues that his suit against defendants is based on their personal liability as owners of the building in question, it is clear that he is attempting to circumvent the tort immunity prescribed in La. R.S. 23:1032.
It is undisputed that Mr. Gaspard was in the course and scope of his employment with Graves Chevrolet at the time of the accident. As set forth in Mr. Gaspard’s petition for damages, the accident allegedly occurred when he was walking down a set of stairs at Graves Chevrolet and the wooden handrail came out of the wall causing him to fall down approximately fourteen steps. According to the evidence in the record before us, defendants are the sole owners of both Graves Chevrolet and the building in question, which was leased to Graves Chevrolet.[2] Furthermore, defendants are stockholders, directors, and employees of Graves Chevrolet.
Based on the facts and circumstances herein, defendants have made a prima far-cie showing that they are entitled to the immunity afforded by La. R.S. 23:1032 and that there is an absence of factual support for one or more of the elements essential to Mr. Gaspard’s claim. Thus, we find defendants successfully shifted the burden on the motion to Mr. Gaspard to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial. La.Code Civ. P. art. 966(B). The only evidence submitted by Mr. Gaspard is Mr. Graves’ deposition, which does not offer any support for his claim that defendants should be held liable in tort for the injuries he sustained. Rather, Mr. Graves’ testimony actually solidifies defendants’ position that their second capacity as owners of the building leased to Graves Chevrolet is inextricably intertwined with their capacity as Mr. Gas-pard’s employer such that they cannot be held liable in tort.
| (/The arguments made by Mr. Gaspard on appeal concerning these issues are without merit. Mr. Gaspard failed to bear the burden of producing evidence to establish any genuine issues of material fact remaining as to defendants’ liability in tort. Accordingly, summary judgment in favor of defendants was warranted. Therefore, we affirm the trial court’s judgment in accordance with Uniform Rules— Courts of Appeal, Rule 2-16.1 B and assess all costs associated with this appeal against Mr. Gaspard.
AFFIRMED.

. Louisiana Revised Statutes 23:1032 provides, in pertinent part, as follows:
A. (l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages
[[Image here]]
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
[[Image here]]
C. The immunity from civil liability provided by this Section shall not extend to: (1) Any officer, director, stockholder, partner, or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment .... (Emphasis added.)

. According to the 1989 Articles of Incorporation for Graves Chevrolet, there were three original "incorporators,” Cecil M. Graves, Jr. (President), C. Merlin Graves, Sr. (Vice-President), and Ellen Monte Graves (Secretary-Treasurer). In 1990, the Louisiana Secretary of State was notified of changes in the Board of Directors and Officers to reflect that Debbie H. Graves was the new Secretary-Treasurer. C. Merlin Graves, Sr. died in 1992, leaving defendants as the sole officers and owners of Graves Chevrolet.