709 So.2d 1079 (1998)
Gwendolyn DOUGLAS, and her husband, Ulysses Douglas,
v.
HILLHAVEN REST HOME, INC.
No. 97 CA 0596.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
Rehearing Denied June 2, 1998.
*1080 David L. Reisman and R. Keith Jarrett, New Orleans, for Plaintiffs-Appellants Gwendolyn Douglas and Ulysses Douglas.
Ann M. Halphen, Baton Rouge, for Defendant-Appellee Hillhaven Rest Home, Inc.
H. Alston Johnson, III, Baton Rouge, and G. Bruce Parkerson, New Orleans, for Defendant-Appellee D & W Health Services, Inc.
Michael V. Clegg and Lindsey J. Leavoy Baton Rouge, for Appellant-Intervenor Louisiana Nursing Home Self Insurance Fund.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
LOTTINGER, Chief Judge.
Plaintiffs, Gwendolyn Douglas and her husband, Ulysses Douglas, appeal the grant of summary judgment in favor of the defendants, Hillhaven Rest Homes, Inc. (Hillhaven) and D & W Health Services, Inc. (D & W).

FACTS
During the course and within the scope of her employment with D & W as manager of its nursing home, Mrs. Douglas suffered injury when she slipped and fell on a wooden ramp which existed on the premises of the nursing home she managed. The property and buildings which constituted the nursing home are owned by Hillhaven. D & W leased the premises and assumed any and all liability for property and personal injury damages to individuals injured thereon, including employees of D & W.
Mr. and Mrs. Douglas filed suit against Hillhaven as the owner of the premises alleging Hillhaven failed to inspect, maintain and correct a faulty and defective wooden handicap access ramp located on its property. Subsequently the Douglases filed an amended petition against D & W, alleging that it was aware of the faulty and defective wooden ramp, that it failed to repair same and that D & W knew or was substantially certain that an accident would occur as a result of its failure to repair, replace or otherwise improve the ramp. When Hillhaven was sued, it filed a third party demand against D & W *1081 under the provisions of the lease. Various other defendants were sued and other third party demands were filed, including an intervention, however, these parties and filings have no bearing on the issues before this court.
D & W moved for summary judgment based on the exclusive remedy provision of the Louisiana Workers Compensation Act. Hillhaven moved for summary judgment on its third party demand against D & W based on the assumption of liability provision of the lease.

TRIAL COURT
In granting both motions for summary judgment, the trial judge held:
This involves a ramp at the Hillhaven Rest Home where the plaintiff, Ms. Douglas, was employed. Hillhaven is actually the owner of the premises. They have a lease with D & W. D & W leases the premises and there is a clause in the lease under Title 9, Section 3221 wherein D & W assumes any liability. This is a post-Stelly [v. Overhead Door Co., 646 So.2d 905 (La. 1994)] situation. Therefore, as to Hillhaven, the Motion for Summary Judgment should be granted. Whatever liability they had was contractually assumed by D & W. The effect is for D & W to stand in the shoes of Hillhaven. Prior to the amendment, this court has interpreted that to mean that if you had a claim against Hillhaven, the claim is now against the lessee, which in this case would be D & W, and that they are no longer the employer. They are now standing in the shoes of Hillhaven. However, post-amendment, even if that's the case, the court feels that the Legislature has taken that right away. Ms. Douglas' remedy is in Workmen's Comp. The Motion for summary Judgment on behalf of D & W is also granted.
ASSIGNMENTS OF ERROR
In appealing, the Douglases contend:
1. Having found that the lease between the property owner and the lessee/employer shifted responsibility for premises defects to the lessee as permitted by La. R.S. 9:3221, the district court erred in disregarding Stelly v. Overhead Door Co. and allowing the lessee/employer to assert the exclusive remedy provisions of the Compensation Act as a defense to such contractually-assumed liability so as to deprive the tort victim of rights expressly granted to her by the Louisiana Civil Code.
2. In granting the lessee/employer's motion for summary judgment, the district court improperly resolved an issue of material fact with respect to the intentional tort claim.
3. In granting the property owner's motion for summary judgment, the district court ignored disputed issues of material fact as to whether the property owner knew or should have known of the defect in the leased premises, a necessary prerequisite for implementing La. R.S. 9:3221.

I
A motion for summary judgment shall be granted when the mover establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. La.Code Civ. Pro. Art. 966. Summary judgment is favored, however, the mover still bears the burden of establishing that no genuine issue of material fact exists. An appellate court reviews a summary judgment de novo, using the same criteria as the district court which determined that summary judgment was appropriate.

II
In their first assignment of error, the plaintiffs-appellants argue the trial court disregarded the Louisiana Supreme Court's pronouncement in Stelly v. Overhead Door Co. of Baton Rouge, 94-0569 (La.12/8/94); 646 So.2d 905.
In Stelly, the plaintiff worked for UPS as a mechanic at its Opelousas office. UPS leased the building, and the lease agreement contained a La. R.S. 9:3221 provision in which UPS expressly relieved the owner of any liability arising from premises defects. Stelly was injured while attempting to raise an overhead door. Stelly filed a worker's *1082 compensation claim against UPS and received benefits. He and his wife also filed tort suits against the owner and several others. In his tort suit, he added UPS as a defendant. The tort claim against UPS was based on the contractual assumption of the owner's liability for premises defects. Stelly argued that because of the assumption of liability UPS was liable beyond mere workers compensation benefits.
The court of appeal affirmed the grant of UPS's motion for summary judgment based on La. R.S. 23:1032. Stelly v. Overhead Door Co. of Baton Rouge, 93-278 (La.App. 3rd Cir. 2/2/94); 631 So.2d 698. Although Stelly was injured on December 16, 1987, before the effective date of Act 454 of 1989 which amended La. R.S. 23:1032, the court of appeal concluded that the jurisprudence was consistent in this area prior to Act 454 and thus the act could and should be applied retroactively as interpretative legislation.
The supreme court granted certiorari, 94-0569 (La.5/6/94); 637 So.2d 1039, to determine whether Act 454 was interpretative legislation which applied retroactively to the facts of Stelly and, if not, whether the limitative effects of the pre-amendment version of La. R.S. 23:1032 could be interpreted to shield an employer that contractually assumes the liability of an otherwise liable third party from an unintentional tort action by its injured employee.
The supreme court concluded that "[t]he dual capacity doctrine, however, has never encompassed contractually assumed liability. It has consistently been limited to situations involving liability imposed by law due to a legal capacity or status in addition to that of employer." Stelly, 646 So.2d at 911. As such, the application of Louisiana's traditional dual capacity doctrine to the facts of Stelly would not preclude Stelly's tort suit against UPS.
After reaching this conclusion, the supreme court then proceeded to determine if Act 454 of 1989 was interpretative and should be applied retroactively. Act 454 amended La. R.S. 23:1032 to exclude all claims by an employee, including claims under any dual capacity theory or doctrine.
We observe that once the supreme court concluded based on pre-amendment statutory language and jurisprudence that such a claim could be filed in tort, there was no need to determine if Act 454 applied retroactively or not except that Act 454 would preclude such a claim. We conclude and hold that La. R.S. 23:1032 as amended by Act 454 of 1989 precludes such a claim in tort. Our brothers and sisters in other circuits have reached the same conclusion. Hesse v. Champ Service Line, 97-1090 (La.App. 3rd Cir. 2/4/98); 707 So.2d 1295; Dumestre v. Hansell-Petetin, Inc., 96-1778 (La.App. 4 Cir. 1/29/97); 688 So.2d 187; LeBlanc v. Continental Grain Company, Inc., 95-813 (La.App. 5 Cir 3/13/96); 672 So.2d 951 writ denied 96-1526 (La 10/4/96) 679 So.2d 1383. We suggest that the application of Stelly is limited to the time frame and facts as found therein.
Therefore, this assignment of error has no merit.

III
In their second assignment of error, the plaintiffs-appellants argue that in granting D & W's motion for summary judgment on the issue of an intentional tort, the trial court failed to recognize that the repeated requests to have the ramp repaired or replaced plus the numerous citations by the Department of Health and Human resources presented a question of fact as to whether D & W was substantially certain that the ramp would cause an accident. In support thereof they cite Wainwright v. Moreno's, Inc., 602 So.2d 734 (La.App. 3rd Cir.1992).
Suffice to say, the facts of Wainwright are distinguishable. At most what was wrong with the ramp in question was that the antiskid strips were worn or were torn. There are no facts presented by plaintiffs to support any theory that the ramp was structurally weak or unsafe. As such, this does not rise to the level of an intentional tort.
Therefore, this assignment of error lack merit.

IV
In this last assignment of error, plaintiffs-appellants argue that there is a genuine *1083 issue of material fact that Hillhaven either knew or should have known of the defect in the leased premises.
Absent an affidavit by Mrs. Douglas dated September 26, 1996, there are no disputed facts as to Hillhaven's knowledge of a defect. Her affidavit in part states:
"In July or August of 1993, Marion Cangelosi visited the Hillhaven-West nursing home. Mr. Cangelosi introduced himself to me and reviewed a deficiency report in which the wooden handicap access ramp on which I subsequently slipped and fell was identified by the state examiner as being defective and constituting a safety hazard."
Mr. Cangelosi, as the owner of Hillhaven, testified in his deposition taken on January 6, 1995, that he had never seen a citation, an inspection report, or notice of any defect in the premises since Hillhaven leased the premises to D & W.
In Mrs. Douglas' deposition taken December 14, 1994, she testified that she never reported the condition of the ramp to Hillhaven or anyone who represented them. Her affidavit is in contradiction of her previous deposition. In LeBlanc v. Dynamic Offshore Contractors, Inc., 626 So.2d 16 (La.App. 1st Cir.1993), we disallowed a subsequent affidavit in contradiction of prior depositions to create an issue of fact, where no issue existed before, without some explanation or support for the contrary statements. The affidavit is well after the fact of the depositions and is also after the motions for summary judgment were filed by D & W and Hillhaven.
Therefore, this assignment of error lacks merit.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiffs-appellants' costs.
AFFIRMED.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge, concurring.
Act 454 of 1989, effective January 1, 1990, amended Louisiana Revised Statute 23:1032 to provide that workers' compensation is the exclusive remedy of an employee against his employer for all claims, including those brought under any dual-capacity theory. In Stelly v. Overhead Door Co., 94-0569 (La.12/8/94), 646 So.2d 905, the Louisiana Supreme Court held this act was not retroactive. Stelly's employer had contractually assumed liability for defects in its premises. Stelly was injured on his employer's premises in 1987. The court applied pre-amendment to law to permit Stelly to sue his employer in tort.
The supreme court refused to address whether the language "any dual capacity theory" in Act 454 refers to Louisiana's traditional dual-capacity doctrine or a more expansive version of the doctrine.[1] It implied, however, that the amendment would limit a claimant such as plaintiff to recovery in workers' compensation. The court went to great lengths to determine whether Act 454 was retroactive and then stated retroactive application of the amendment would deprive Stelly of vested rights. In my opinion, the legislature's intent in enacting the amendment was to limit an employee's recovery against his employer to workers' compensation for all but intentional torts. I agree with the majority that Act 454 precludes Mrs. Douglas's claim in tort against her employer.
I also agree with the majority that there was no evidence to support plaintiffs' claim D & W was guilty of an intentional tort. Mrs. Douglas testified she had identified two possible causes of her fall: occasional overflowing grease from the kitchen grease trap (although she could not recall whether there was grease on the ramp when she fell) or the absence of a "safe grip mat" on the ramp. She stated the mat was missing when she came to work for D & W two years before her accident. There was no indication D & W was substantially certain either of these problems would cause an accident.
I respectfully concur.
NOTES
[1] See Stelly, 94-0569, p. 8 n. 9, 646 So.2d at 912 n. 9.