[.CANNELLA, Judge.
Third party plaintiffs, Sealy & Company, Inc. and its insurer, Travelers Insurance Company (collectively referred to as Sealy), appeal[1] from the summary judgment granted in favor of the third party defendant, Navios Ship Agencies, Inc. (Navios). For the reasons which follow, we reverse.
Plaintiff, Beverly A. Byrne (Byrne), was employed by Navios on June 3, 1997, when she allegedly slipped and fell during the course and scope of her employment. Navios leased the building premises from Sealy. Bywater Building Services, Inc. (Bywater) performed certain janitorial work on the premises pursuant to a contract between Sealy and Bywater. The lease contract between Sealy and Navios *669 contains an indemnification clause which provides:
| {¡Tenant shall indemnify and hold harmless the Landlord, its agents, servants, and employees from and against all claims, damages, loses and expenses, including reasonable attorney fees, resulting from bodily injury, sickness, disease, death, or property damage resulting from the use or occupancy of the Leased Premises by Tenant unless caused by the sole negligence of the Landlord.
On November 6, 1997, Byrne filed suit against Sealy and Bywater. On February 2, 1998, after answering the petition, Sealy filed a Third Party Demand against Nav-ios, seeking contribution and indemnification and/or contractual indemnification. On October 30, 1998, Navios filed for a summary judgment seeking to have the third party demand by Sealy dismissed. Navios argued that Sealy’s claim was barred by La. R.S. 23:1032, which provides that an employee’s exclusive remedy against an employer is in workers’ compensation. On December 10, 1998, the trial court granted the summary judgment in favor of Navios without reasons and dismissed Navios from the litigation. It is from this judgment that Sealy appeals.
On appeal Sealy argues that the trial court erred in granting the summary judgment of Navios. Sealy points out that since no reasons were given for the ruling, Sealy can only speculate that the trial court must have failed to consider the contractual indemnification that Navios owes to Sealy in reaching its decision against Sealy. Based on a person’s right to contract, Sealy argues that the trial court erred in not upholding the contractual agreement of Navios to indemnify Sealy for 'any personal injury claims against them resulting from the use or occupancy of the leased premises.
In response, Navios relies on the case of Stelly v. Overhead Door Co., 94-0569 (La.12/8/94), 646 So.2d 905, in arguing that following the 199014amendment to La. R.S. 23:1032,[2] an employer’s tort liability, in any capacity, for damages sustained by an employee, unless caused intentionally, is limited to his workers’ compensation obligation. In other words, the employee’s exclusive remedy is worker’s compensation against an employer, even when the employer operates in a dual capacity as the owner of the building.
Summary judgments are now favored, following the 1996 amendment of the law. They shall be used to “secure the just, speedy, and inexpensive determination” of all actions, except those excluded by La. C.C.P. art. 969. La. C.C.P. art. 966(A)(2). The trial court is required to render summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Finally, it is well settled that the appellate review of a summary judgment is de novo, applying the same standard as the trial court. Accordingly, we undertake a de novo review of the matter before us.
We note at the outset that Navios filed no affidavits or depositions in support of its motion, but relied on the pleadings, in arguing that it was entitled to judgment as a matter of law. Therefore, the only question before us in this appeal is whether, based on the pleadings in the record, Navios is entitled to judgment as a matter of law. We find that it is not.
*670 The pleadings provide that Navios entered into a contractual agreement with Sealy whereby Navios agreed to indemnify Sealy for any liability Sealy |smight incur as owner of the leased premises which resulted from the use or occupancy of the leased premises. Byrne’s action against Sealy arises from Navios’ use or occupancy of the leased premises. Therefore, Sealy has a viable claim, for indemnification against Navios, as provided in the lease agreement.
Navios, nevertheless, argues against this obvious result, contending that, because the personal injury was sustained by a Navios employee, its liability, even on this contractual obligation to which it agreed, is limited to its workers’ compensation obligation. Navios relies on Stelly, supra, in support of this argument.
In Stelly, the plaintiff worked for United Parcel Service (UPS) in the Opelousas office. UPS leased the premises from the owner thereof with an agreement assuming any liability that arose from premises defects. The plaintiff was injured on the premises while at work. The plaintiff filed a workers’ compensation claim against UPS and received benefits. He also filed a tort action against the owner of the building. Plaintiff added UPS as a defendant in the tort action based on the contractual assumption of the owner’s liability for premises defects. Plaintiff argued that because of the assumption of liability UPS was liable beyond only workers compensation benefits. UPS filed a motion for summary judgment based on the argument that the plaintiffs exclusive remedy against his employer was workers’ compensation. The trial court granted the summary judgment in favor of UPS and the court of appeal affirmed. Stelly v. Overhead Door, 93-278 (La.App. 1st Cir. 2/2/94), 631 So.2d 698. The Supreme Court granted writs, 94-0569 (La.5/6/94), 637 So.2d 1039, and, following docketing, briefing and opinion, reversed the lower courts, holding that Stelly’s tort action against his employer based on his contractually assumed |filiability was not precluded. Stelly v. Overhead Door, 94-0569 (La.12/8/94), 646 So.2d 905. In reaching this result, however, the Supreme Court found that the accident in question occurred before the effective date of the 1990 amendment to La. R.S. 23:1032. The Supreme Court refused to apply the amendment retroactively, finding that to do so would adversely effect vested rights. They implied that the result would be different under the law as amended.
Following Stelly, some appellate courts have interpreted it to hold that, following the 1990 amendment to La. R.S. 23:1032, the liability of an employer to an employee, under the dual capacity doctrine, whether by operation of law or contractually assumed, is limited to his workers’ compensation liability. Hesse v. Champ Service Line, 97-1090 (La.App. 3rd Cir. 2/4/98), 707 So.2d 1295; Douglas v. Hillhaven Rest Home Inc., 97-0596 (La.App. 1st Cir. 4/8/98), 709 So.2d 1079. But cf. Wright v. State, 93-3095 (La.4/5/94), 639 So.2d 258 (held that a hospital security guard’s medical malpractice claim for improper hernia repair, necessitated by a work injury, brought against employer hospital and co-employee operating physician, was not barred by the Workers’ Compensation Act).
Here, however, we note distinguishing factors that we find critical to our analysis and the decision we reach. First, in all three of the above cited cases, Stelly, Hesse and Douglas, the lessee had contractually assumed the owner’s responsibilities for the condition of the leased premises, including liability for any injuries resulting from defects in the premises pursuant to La. R.S. 9:3221[3], thereby pre- *671 eluding the owner’s liability. Consequently, and perhaps mostpimportant, all of the above cases, and indeed all cases cited or discovered, involved the employee’s tort action against the employer, in the employer’s other capacity as owner of the building, which he contractually took on from the real owner of the premises.
Those are not the facts here. Navios did not assume the owner’s responsibilities for the condition of the building under La. R.S. 9:3221. Rather, Navios, in leasing the building, entered into an indemnification agreement with Sealy for any claims against Sealy as owner of the premises that arise by Navios’ occupancy of the premises. Moreover, the instant case does not involve suit by the employee against his employer. This case involves a claim by the owner of the building, based on the contractual agreement entered into by the parties, against the lessee of the building.[4] Parties are free to contract as they please, provided it is not illegal or against public policy. There is nothing that prohibits or prevents a party from contractually agreeing to greater liability than would have been provided by law. See: H. Alston Johnson, III, Louisiana Civil Law Treatise, Workers’ Compensation Law and Practice, § 374, at 321 (3d ed.1994).
Therefore, we find no basis in this third party demand, between the two contracting parties, upon which to relieve Navios of the liability which it contractually agreed to between itself and Sealy.[5]
Accordingly, based on the above reasons, we set aside the summary judgment rendered in favor of Navios and dismissing them from the third party |sdemand by Sealy, and remand the case for further proceeding consistent with the views expressed herein. Costs of appeal are assessed to Navios.
REVERSED AND REMANDED.

. By ruling dated May 24, 1999, the trial court designated the summary judgment granted in favor of Navios as a final appeal-able judgment, expressly finding no just reason for delay of the appeal of the judgment. La. C.C.P. art. 1915(B). Upon review, we find no just reason for delaying appellate consideration of the trial court decision. See: Perricone v. East Jeff. General Hosp., 98-343 (La.App. 5th Cir. 10/14/98), 721 So.2d 48.

. La. R.S. 23:1032, providing generally that an employee’s exclusive remedy against his employer shall be workers' compensation benefits, was amended in 1989 by Acts No. 454, § 2, effective January 1, 1990 by, among other minor amendments, adding the following:
This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.

. La. R.S. 9:3221 states that the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had re *671 ceived notice thereof and failed to remedy it within a reasonable time.

. In Douglas v. Hillhaven, supra, the trial court granted the owner/defendant/third party plaintiff’s motion for summary judgment on his demand against the lessee of the premises in which the employee was injured based on the lessee’s contractual agreement assuming liability for any defects in the premises.

. Furthermore, even if we were to agree with Navios that its liability should be limited to what it owes under workers’ compensation, under the indemnity agreement which it entered into with Sealy, it would still owe Sealy that amount, or a credit for that amount, which would preclude both summary judgment and its dismissal from the claim.