# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2021 CA 1442

### TINA M. HOOPER

### VERSUS

### MONIQUE LOPEZ, PROGRESSIVE WASTE SOLUTIONS OF LOUISIANA AND ARCH INSURANCE COMPANY

Judgment Rendered: **JUN 2 2 2022**

\* \* \* \* \* \*

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket No. 2017-0001376

Honorable Erika W. Sledge, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Darryl J. Carimi<br>Bush, Louisiana | Counsel for Plaintiff/Appellant<br>Tina M. Hooper |
| Guice A. Giambrone, III<br>Jacob K. Best<br>Metairie, Louisiana | Counsel for Defendants/Appellees<br>Monique Lopez, Progressive<br>Waste Solutions of LA, Inc.,<br>and Arch Insurance Company |

\* \* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.**

*Welch, J. concurs in part and dissents in part with reasons assigned*

**McCLENDON, J.**

In this personal injury case, the plaintiff appeals a trial court's judgment that granted the defendants' motion for summary judgment and dismissed her claims with prejudice. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

On May 16, 2016, Tina Hooper was driving her Toyota Corolla eastbound on Louisiana Highway 22 in Tangipahoa Parish, when she collided with the rear of a slow-moving Mack garbage truck owned by Progressive Waste Solutions of Louisiana, Inc. (Progressive) and being operated by Monique Lopez. Ms. Hooper was traveling at approximately fifty miles per hour at the time of the impact and suffered serious injuries.[1]

On May 11, 2017, Ms. Hooper filed a Petition for Damages against Ms. Lopez and Progressive, as well as Progressive's insurer, Arch Insurance Company (Arch Insurance), alleging that her injuries were the result of the negligence of Ms. Lopez and Progressive.[2] Progressive and Arch Insurance answered the lawsuit generally denying fault.

On November 23, 2020, Ms. Lopez, Progressive, and Arch Insurance filed a motion for summary judgment, asserting that the video and physical evidence showed that Progressive's vehicle was fully established in its lane of travel when it was rear-ended by Ms. Hooper; that Ms. Hooper was traveling in excess of fifty miles per hour less than one second before the impact; that Ms. Hooper was presumed under Louisiana law to be exclusively at fault for the accident; and that Ms. Hooper's fault caused the accident. Therefore, according to the defendants, no genuine issues of material fact existed, and they were entitled to judgment as a matter of law. In support of their motion, the defendants offered evidence including, *inter alia*, the investigating state trooper's report and deposition; Ms. Hooper's deposition; ambulance records; Ms. Lopez's deposition; the deposition of Travis Robertson, the Progressive

---

[1] The posted speed limit in that area is fifty-five miles per hour.

[2] Ms. Hooper also named as defendants her insurer, Allstate Property & Casualty Insurance Company, and Travis Robertson, a temporary employee of Progressive who was in the vehicle at the time of the collision; however, both were subsequently dismissed from the lawsuit.

2

temporary employee who accompanied Ms. Lopez on the day of the accident; the DriveCam video, showing the inside of the garbage truck's cab immediately before and after the collision; and the affidavit and report of Dan E. Toomey, the defendants' accident reconstructionist.

The hearing on the motion for summary judgment was originally scheduled for January 19, 2021, but, at the request of Ms. Hooper, was rescheduled to May 3, 2021, to give her additional time to oppose the motion. On April 21, 2021, Ms. Hooper filed her opposition to the motion for summary judgment, attaching the affidavit of her accident reconstructionist, as well as the affidavit of her husband. On April 27, 2021, the defendants filed a reply memorandum in support of their motion for summary judgment, objecting to the timeliness of Ms. Hooper's opposition. Therein, the defendants asserted that because LSA-C.C.P. art. 966B(2) requires that any opposition to a motion for summary judgment and all documents in support of the opposition be filed and served not less than fifteen days prior to the hearing on the motion and because Ms. Hooper's opposition was filed twelve days prior to the scheduled hearing, the trial court should not consider the opposition and any of the documents filed with it.

On April 30, 2021, Ms. Hooper filed a Motion to Continue Hearing on the Motion for Summary Judgment stating that the requested seven days "would allow the defendants-movers more time and satisfy the requirements of fifteen (15) days before the hearing." The defendants objected to the continuance. Thereafter, the trial court denied the motion for the continuance, noting that the motion for summary judgment was filed on November 23, 2020.

At the May 3, 2021 hearing on the motion for summary judgment, the trial court first determined that it would not consider Ms. Hooper's opposition "[b]ased upon the time that it was filed." The trial court heard argument, and Ms. Hooper proffered the evidence she tried to admit. After finding no genuine issue of material fact, the trial court granted summary judgment.

On May 17, 2021, the trial court signed a judgment wherein the trial court admitted and considered the defendants' DriveCam video; declined to admit or consider Ms. Hooper's exhibits; granted the defendants' motion for summary judgment; and

3

dismissed with prejudice all claims of Ms. Hooper. Thereafter, Ms. Hooper appealed, arguing that the trial court erred in granting summary judgment because it abused its discretion in denying her motion to continue; abused its discretion in failing to consider her evidence in opposition to the motion for summary judgment; erred in considering evidence submitted in support of the motion for summary judgment that was inadmissible; erred in granting summary judgment as there existed disputed material facts on the face of the submitted evidence; and erred in establishing a special exemption for garbage trucks.

## APPLICABLE LAW

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966A(2). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. LSA-C.C.P. art. 966D(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. **In re Succession of Beard,** 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.

The initial burden of proof is on the party filing the motion for summary judgment. LSA-C.C.P. art. 966D(1). The mover may meet this burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, stipulations, and admissions with the motion for summary judgment. LSA-C.C.P. art. 966A(4). The mover's supporting documentary evidence must prove the essential facts necessary to carry his burden. Thus, in deciding a motion for summary judgment, it must first be determined whether the supporting documents presented by the mover are sufficient to

4

resolve all material fact issues. **Crockerham v. Louisiana Medical Mutual Insurance Company,** 17-1590 (La.App. 1 Cir. 6/21/18), 255 So.3d 604, 608.

Once the motion for summary judgment has been properly supported by the moving party, and the mover has made a *prima facie* showing that the motion for summary judgment should be granted, the burden shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to his opposition, sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, that is, the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. **Trichell v. McClure**, 21-1240 (La.App. 1 Cir. 4/8/22), ___ So.3d ___, ___, 2022 WL 1053500, at *2. If the non-moving party fails to produce factual support in his opposition sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, LSA-C.C.P. art. 966D(1) mandates the granting of the motion for summary judgment. **Id**.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. **Janney v. Pearce,** 09-2103 (La.App. 1 Cir. 5/7/10), 40 So.3d 285, 289, <u>writ denied</u>, 10-1356 (La. 9/24/10), 45 So.3d 1078. Further, simply showing the presence of disputed facts is insufficient if there is no legal issue presented by those contested facts. **Trichell,** ___ So.3d at ___, 2022 WL 1053500, at *2. <u>See also</u> **Franklin Credit Management Corp. v. Gray,** 07-1433 (La. App. 4th Cir. 1/14/09), 2 So.3d 598, 603, <u>writ denied</u>, 09-0476 (La. 4/17/09), 6 So.3d 795.

A "genuine" issue is a triable issue, which means that an issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. A fact is "material" when its existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. **Kasem v. State Farm Fire & Casualty Company,** 16-0217 (La.App. 1 Cir. 2/10/17), 212 So.3d 6, 13. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant**

5

**v. Premium Food Concepts, Inc.,** 16-0770 (La.App. 1 Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 17-0873 (La. 9/29/17), 227 So.3d 288.

Louisiana's general speed law is found in LSA-R.S. 32:64, which provides, in pertinent part:

> A. No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the condition of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter or regulation of the department made pursuant thereto.

> B. Except when a special hazard exists that requires lower speed for compliance with paragraph A of this section, no person shall operate or drive a motor vehicle upon the highways of this state at such a slow speed as to impede the normal and reasonable movement of traffic.

Also, with regard to following vehicles, LSA-R.S. 32:81A provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

Under LSA-R.S. 32:81, a following motorist owes a high degree of care to maintain a reasonable and prudent distance behind a lead vehicle; the duty imposed by this statute is significant, so much so that a breach of this duty is presumed when a rear-end collision occurs. **Bieber v. Genesis Indem. Ins. Corp.,** 05-2185 (La.App. 1 Cir. 11/3/06), 2006 WL 3105587, at *6 (unpublished). The rule is based on the premise that a following motorist whose vehicle rear-ends a preceding motorist either has failed in his responsibility to maintain a sharp lookout or has followed at a distance from the preceding vehicle which is insufficient to allow him to stop safely under normal circumstances. A following motorist may rebut the presumption of negligence by proving that he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances. The following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid. **Elee v. White,** 21-0229 (La.App. 1 Cir. 10/21/21), 332 So.3d 97, 102, writ denied, 21-01732 (La. 1/19/22), 331 So.3d 329.

## DISCUSSION

In her appeal, Ms. Hooper contends that the defendants violated LSA-R.S. 32:64B, by driving at such a slow speed that an unavoidable hazard was created and

caused the accident in question. She makes the argument that this matter does not involve a rear-end collision, suggesting there was no lead and following vehicle. Instead, she posits that the garbage truck was a usurping vehicle, which failed to stop at the stop sign at Poche Road, slowly made a right turn into her path onto Highway 22, and then decelerated. Ms. Hooper suggests that the garbage truck encroached into and violated her right-of-way, creating a hazardous condition requiring emergency reaction from Ms. Hooper. Therefore, according to Ms. Hooper, the presumption of negligence is inapplicable to her and should be applied to Ms. Lopez.

To the contrary, the defendants assert that the evidence before the trial court, as well as the evidence Ms. Hooper proffered at the hearing, clearly established that the garbage truck was in the lane of travel for at least eight seconds before it was hit from behind by Ms. Hooper. Further, the defendants point to Ms. Hooper's own testimony where she admitted she looked away from the road in front of her shortly before the collision and did not observe the garbage truck until she returned her attention to the road. Thus, the defendants contend that this is a simple rear-end collision case, and Ms. Hooper is presumed to be negligent under LSA-R.S. 32:81A. Accordingly, the defendants maintain that because Ms. Hooper failed to present competent evidence to overcome the presumption, she is the sole and exclusive cause of the accident, and they are entitled to judgment as a matter of law.

In support of her argument, Ms. Hooper first assigns as error the trial court's failure to set a hearing on her motion to continue the summary judgment hearing and the trial court's abuse of discretion in denying her motion to continue *ex parte*. Louisiana Code of Civil Procedure Article 966C(2) provides:

C. (1) Unless otherwise agreed to by all of the parties and the court:

* * *

(2) For good cause shown, the court may order a continuance of the hearing.

The defendants' motion had been set for hearing for five months and the defendants had already consented to one continuance. Ms. Hooper's only cause for requesting the continuance was to satisfy the requirements of LSA-C.C.P. art. 966C(2). Although Ms.

7

Hooper avers that the interest of justice required the granting of the motion for a continuance, the trial court determined that Ms. Hooper failed to show any cause to continue the hearing other than her own lack of diligence, and the trial court denied the continuance *ex parte*. We can find no error or abuse of discretion in denying Ms. Hooper's request *ex parte* for a continuance of the hearing on the motion for summary judgment.

Ms. Hooper next argues that the trial court abused its discretion when it refused to consider Ms. Hooper's evidence in opposition to the motion for summary judgment. Louisiana Code of Civil Procedure article 966B(2) provides:

> B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
>
> * * *
>
> (2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.

Ms. Hooper acknowledged that she filed the opposition to the motion for summary judgment two days late as the result of "a day-counting error." In **Auricchio v. Harriston**, 20-01167 (La. 12/10/21), 332 So.3d 660, 661, the Louisiana Supreme Court recently held that, in the absence of consent by the parties, a trial court has no discretion to extend the fifteen-day deadline in Article 966B(2) for filing an opposition to a motion for summary judgment. The supreme court found the language of Article 966B(2), as amended in 2015, to be clear and unambiguous, noting that the word "shall" is mandatory, which excludes the possibility of being optional or subject to discretion. **Auricchio**, 332 So.3d at 663. The supreme court also found that prejudice, or the lack thereof as asserted by Ms. Hooper, was irrelevant as the statute mandates compliance without regard to cause or prejudice. **Id.**

In this matter, Ms. Hooper's opposition was not timely filed. Accordingly, the trial court lacked the discretion to consider the late-filed opposition and appropriately determined that it would not consider same.

In her third assignment of error, Ms. Hooper asserts that the DriveCam video recording of the inside of the garbage truck's cab for the eight seconds immediately

8

before and for the four seconds immediately after the collision was not properly authenticated and, therefore, was improperly admitted into evidence in support of the defendants' motion for summary judgment. She contends that the defendants relied solely on the testimony of Mr. Robertson to authenticate the video and that the defendants failed to lay a proper foundation to sufficiently authenticate the video with Mr. Robertson's testimony. Specifically, Ms. Hooper avers that, even though Mr. Robertson identified himself and Ms. Lopez in the video, he was not an employee of Progressive, had never seen the video before his deposition, was vague in his description of the video cameras in the truck, and could not identify the location on Highway 22 depicted in the video.

Louisiana Code of Civil Procedure article 966A(4) provides, in pertinent part, that the "only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." Documents not included in Article 966A(4)'s exclusive list, such as photographs, pictures, video images, or contracts, may not be filed unless they are properly authenticated by an affidavit or deposition to which they are attached. See LSA-C.C.P. art. 966, 2015 Revision Comment (c).

Louisiana Code of Evidence article 901A provides the general rule relative to authentication and identification of evidence. Contrary to Ms. Hooper's claims that Mr. Robertson was required to give technical information regarding the cameras in the truck, as well as establish a chain of custody, Article 901A provides that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

Herein, the video was attached as an exhibit to the deposition of Mr. Robertson. In his deposition, Mr. Robertson explained that he was a hopper, temporarily employed by Progressive and riding with Ms. Lopez on the day of the accident. After watching the video, he identified himself and Ms. Lopez in the garbage truck in the video. When asked if the video accurately depicted the seconds before and after the collision, Mr.

9

Robertson responded that it did. Accordingly, we find that the authentication of the video was satisfied through the testimony of Mr. Robertson "that the matter in question is what its proponent claims." Moreover, for the reasons described hereafter, we find that, regardless of the admission of the DriveCam video, the defendants presented sufficient evidence to show that there was no genuine issue as to material fact and that they were entitled to judgment as a matter of law. See LSA-C.C.P. art. 966A(3).

Ms. Hooper maintains that the trial court erred in granting the motion for summary judgment as the evidence the defendants presented revealed the existence of material facts in dispute. Particularly, Ms. Hooper asserts that the location of the accident and the speed of the vehicles are disputed material issues of fact that preclude summary judgment. Ms. Hooper argues that the trial court improperly put itself in the role of factfinder, weighing the evidence and determining that Ms. Lopez and Progressive were not negligent and did not act unreasonably in failing to properly stop at the intersection with Poche Road and then slowing down after turning onto Highway 22.

To the contrary, the defendants contend that although disputed facts exist, such as the precise location of the accident and the speeds of the respective vehicles, these issues are not material in determining whether Ms. Hooper rear-ended the garbage truck and whether she is presumed to have solely caused the injuries that resulted.

Thus, we look to the evidence offered by the defendants in support of their motion for summary judgment to determine whether any genuine issues of material fact exist herein. Louisiana State Police Trooper Jason Lamarca investigated the accident. In his deposition, Trooper Lamarca confirmed the Uniform Motor Vehicle Traffic Crash Report that he prepared, testifying that the accident occurred at 7:35 a.m. on May 16, 2016, during daylight hours on a straight and dry two-lane roadway. Trooper Lamarca described the accident in his report, in part, as follows:

> Vehicle 1 (Ms. Hooper's vehicle) struck vehicle 2 (the garbage truck) on the rear bumper with its front bumper. ...
>
> At the time of the crash, vehicle 2 was traveling at a reduced speed while pickup [of] trash.

10

> Driver of vehicle 1 stated she was traveling on LA 22 and did not see any lights on the vehicle in front of her. She stated as she got closer she realized the vehicle was going slow and attempted to steer to the right but was unable to avoid it.

> Driver of vehicle 2 stated she was traveling about 10 mph on her route as they were approaching her next stop when she was struck in the rear.

Trooper Lamarca placed the accident "anywhere between 150 to 230 feet east" of Poche Road. He also testified that based on the CDR download, or crash data retrieval, from Ms. Hooper's vehicle, she reacted to the Progressive truck less than one second before impact and was traveling at 52.2 miles per hour when she collided with the truck. Trooper Lamarca stated that the right rear corner of the garbage truck was impacted and believed that the truck was fully established in the eastbound lane of Highway 22 when the accident occurred. Also, when asked, Trooper Lamarca stated that there was nothing in his report to indicate that Ms. Hooper reported to him that Ms. Lopez pulled out in front of her, and the physical evidence at the accident scene did not indicate that she had.[3]

Ms. Lopez testified in her deposition that on May 16, 2016, she was employed as a residential driver for Progressive and was operating a Mack truck sanitation vehicle used to pick up garbage. Ms. Lopez stated that Poche Road is a dead-end road and, after picking up garbage along their stops on Poche Road, Mr. Robertson got in the cab. Ms. Lopez then turned the truck around and headed back to Highway 22. Ms. Lopez testified that at the intersection she came to a complete stop, saw no traffic to her left, and turned right onto Highway 22. Ms. Lopez stated that shortly after she was in her lane on the highway, she saw Ms. Hooper's vehicle in her rearview mirror, and the impact occurred. She estimated that she was traveling between seven and ten miles per hour when the garbage truck was hit. Ms. Lopez also stated that at the time of the accident, she and Mr. Robertson were traveling to the next stop, which was located no more than one-half of a mile from the intersection with Poche Road.

Ms. Hooper testified in her deposition that she was traveling east on Highway 22 in her Toyota Corolla when she saw the garbage truck slowing and approaching the

---

[3] Trooper Lamarca testified that he cited Ms. Hooper for careless violation of a vehicle and found no violations on the part of Ms. Lopez.

11

stop sign on Poche Road. She stated that she assumed that the truck was going to stop. Ms. Hooper stated she then looked away to watch the westbound traffic approaching her and, when she looked back, "all of a sudden" it was in front of her. She testified that she tried to avoid hitting the rear of the garbage truck by braking and steering to the right, but could not stop in time. Ms. Hooper admitted that when the collision occurred, the truck had turned completely into the lane of travel as she only saw the back of the truck when she looked in front of her. Ms. Hooper believed the truck ran the stop sign although she did not actually see that happen and testified that she was right by the intersection when she hit the garbage truck. She estimated the time from when the truck approached the stop sign to the point of impact to be less than five seconds.

Ms. Hooper also testified that she did not recall speaking to any officers or anyone else at the scene and doesn't know where the statements attributed to her by the state police and ambulance service came from. Besides her comments to Trooper Lamarca, Ms. Hooper had reported to Acadian Ambulance Service that "she didn't see the truck stopped in front of her." Ms. Hooper also reported to the ambulance service that "she was traveling approx. 55 mph and didn't have time to hit her [brakes]."

Dan E. Toomey, Ph.D., the defendants' expert and a licensed and registered professional engineer in the state of Michigan, gave his opinion in this matter after reviewing the pleadings, crash report, state police photographs, map of the area, data from Ms. Hooper's vehicle, and the depositions of Ms. Hooper, Trooper Lamarca, and Ms. Lopez.[4] Mr. Toomey also reviewed relevant technical literature regarding accident reconstruction. Mr. Toomey concluded to a reasonable degree of engineering certainty that the collision occurred on Highway 22, approximately 450 feet east of its intersection with Poche Road. Although he disagreed with Trooper Lamarca's placement of the impact, he agreed with the trooper's opinion that the garbage truck was fully established in the eastbound travel lane before the collision occurred. Mr. Toomey disagreed with Ms. Hooper's placement of the impact location at the

---

[4] Mr. Toomey's report and opinions were attached to his affidavit.

12

intersection itself, stating that such placement was inconsistent with the physical evidence. He also disagreed with Ms. Hooper's estimate of less than five seconds between the garbage truck's approach to the stop sign on Poche Road and the Toyota's impact with the truck.[5]

After a careful review of the record, we conclude that the defendants presented sufficient evidence to establish that there is no genuine issue of material fact that the accident was caused solely by the fault of Ms. Hooper in failing to observe the garbage truck in time to safely reduce the speed of her vehicle. The evidence presented, notwithstanding the DriveCam video, established that Progressive's garbage truck was fully established in the lane of travel before the collision occurred. Even though Ms. Hooper claims that the garbage truck ran the stop sign on Poche Road and created a hazardous condition, she admitted in her deposition that she looked away from the road in front of her and did not actually see whether the truck came to a stop. Further, she acknowledged that when she saw the garbage truck in front of her, it was fully established in the lane of travel. Therefore, Ms. Hooper's self-serving and inconsistent statements are not the type of factual support required to demonstrate that a genuine issue of material fact exists and are insufficient to defeat summary judgment. See LSA-C.C.P. art. 967B; **Watkins v. Pierce**, 19-0965 (La.App. 1 Cir. 7/8/20), 308 So.3d 716, 723.

Accordingly, as a following motorist pursuant to LSA-R.S. 32:81, Ms. Hooper is legally presumed to be at fault for the accident. Ms. Hooper failed to offer sufficient evidence to rebut the presumption of negligence against her. Moreover, Ms. Hooper failed to demonstrate that any hazard presented by the slow-moving garbage truck was unavoidable or that any action or inaction on the part of the defendants was a cause-in-fact of the rear-end collision. Therefore, although we recognize the serious nature of

---

[5] Mr. Toomey determined that "[i]ncluding 1 ½ seconds for Ms. Hooper to perceive and react to the slowed truck in front of her, at 53 mph, the Toyota would have been able to slow to the truck's impact speed of 8 mph in approximately 250 feet and 4.5 seconds if Ms. Hooper were braking aggressively."

13

the injuries suffered by Ms. Hooper as result of this accident, we conclude that the trial court did not err in granting summary judgment in favor of the defendants.[6]

## CONCLUSION

For the above reasons, we affirm the May 17, 2021 judgment of the trial court, granting summary judgment in favor of the defendants, Monique Lopez, Progressive Waste Solutions of Louisiana, and Arch Insurance Company, and dismissing with prejudice all of the claims of the plaintiff, Tina M. Hooper. All costs of this appeal are assessed to Ms. Hooper.

**AFFIRMED.**

---

[6] Because we find that the sole cause of the accident was the inattentiveness of Ms. Hooper, we pretermit discussion of her last assignment of error that the trial court erred when it established a seemingly special exemption to garbage trucks for the defendants' failure to adequately comply with LSA-R.S. 32:64 under any circumstances.

14

TINA M. HOOPER

VERSUS

MONIQUE LOPEZ, PROGRESSIVE
WASTE SOLUTIONS OF LOUISIANA
AND ARCH INSURANCE COMPANY

NUMBER: 2021 CA 1442

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

*JEW*

**WELCH, J., concurring in part and dissenting in part.**

I agree with the majority's determination that the trial court did not abuse its discretion in denying Mrs. Hooper's request for a continuance on the motion for summary judgment, that the plaintiff's opposition to the motion for summary judgment was untimely, and that the trial court properly declined to consider same. However, I believe that the defendants failed to meet their initial burden of establishing the absence of factual support for Ms. Hooper's claims and that all issues of material fact were resolved. Mrs. Hooper's deposition testimony, which the defendants offered in support of their motion for summary judgment, establishes unresolved issues of material fact as to whether the defendants created an unavoidable hazard and caused the accident. Thus, summary judgment was inappropriate.

Ms. Hooper specifically testified that as she was travelling on Louisiana Highway 22, she saw the garbage truck traveling on Poche road and approaching the stop sign at Louisiana Highway 22, that garbage truck looked like it was slowing down, and she assumed that it was going to stop. She then directed her attention to the on-coming traffic on Louisiana Highway 22, then all of a sudden, when she re-directed her attention straight, the garbage truck was in front of her and she thought "oh, my ... [the garbage truck] pulled out in front of [her], ran the stop sign." She then "realized that [she was] going to have to slow down, but then realized that [the garbage truck was] going slow, so ... [she had] to avoid hitting [it,] [a]nd [she] just

knew, from how [the garbage truck] pulled out in front of [her], that she was going to hit [it]. "

In affirming the judgment of the trial court, the majority has fallen into the pitfall of making credibility determinations and weighing the evidence by referring to Ms. Hooper's deposition statements as "self-serving and inconsistent." Sworn statements are "self-serving" when they are: 1) inconsistent with previous sworn deposition—with no explanation for the inconsistency; 2) offered after the motion for summary judgment was filed; and 3) claims to create an issue of material fact. **Hardison v. Byrne**, 2015-0111 (La. App. 4th Cir. 12/9/15), 182 So. 3d 1110, 1116; **George v. Dover Elevator Co.**, 2002-0821 (La. App. 4th Cir. 9/25/02), 828 So. 2d 1194, 1197; **Douglas v. Hillhaven Rest Home, Inc.**, 97-0596 (La. App. 1st Cir. 4/8/98), 709 So. 2d 1079, 1083. However, Mrs. Hooper's deposition testimony fails to meet any of these requirements. Mrs. Hooper's deposition testimony was taken prior to the filing of the motion for summary judgment and was offered *by the defendants in support of their own motion for summary*, urging that there were no issues of material fact. Furthermore, her deposition testimony is not inconsistent with previous sworn testimony nor is her deposition testimony internally inconsistent. Mrs. Hooper stated that she saw the garbage truck approach the stop sign, she openly admitted that she directed her attention to the oncoming traffic on the opposite side of the road, and that when she redirected her attention straight the garbage truck was in front of her and traveling slow. Her subsequent statement that she thought the garbage truck ran the stop sign and pulled out in front of her is not inconsistent or self-serving. Rather, those statements were her perception and explanation of how the accident occurred based on what she personally observed just prior to the accident.

Accepting Mrs. Hooper's deposition statements as true, as we are required to do on summary judgment, her deposition testimony fails to resolve all factual issues

in this case, more particularly, whether the garbage truck came to a complete stop at the stop sign at Poche road, failed to appropriate yield to Ms. Hooper's vehicle when it made a right turn onto Louisiana Highway 22, thereby creating a hazardous condition requiring an emergency reaction from Mrs. Hooper. These factual issues should be resolved by the trier of fact and are inappropriate for summary judgment. Therefore, I would reverse that portion of the judgment of the trial court granting the defendant's motion for summary judgment and dismissing Mrs. Hooper's claims against the defendant.

Thus, I respectfully concur in part and dissent in part.